**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

TONY BURNETT,

               Plaintiff,

          -v-                                9:25-CV-153 (DNH/ML)

COPPOLA _et al._,

               Defendants.

_____

**Hon. David N. Hurd, U.S. District Judge:**

**<u>ORDER ON REPORT & RECOMMENDATION</u>**

On January 13, 2025, _pro se_ plaintiff Tony Burnett ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was confined at Marcy Correctional Facility.  _See_ Dkt. No. 2.  Along with his complaint, plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application").  Dkt. No. 1.

Plaintiff initially filed this action in the U.S. District Court for the Southern District of New York.  _See_ Dkt. No. 3.  However, because the events alleged occurred in the _Northern_ District of New York, the matter was _sua sponte_ transferred to this judicial district.  Dkt. No. 5.  Thereafter, U.S. Magistrate Judge Miroslav Lovric granted plaintiff's IFP Application and, after conducting an initial review of the complaint, concluded that plaintiff's § 1983 Eighth Amendment claims for excessive force required a response from defendants Coppola, Gentile, Kieffer, Galliher, and Shaw.  Dkt. No. 10.  Defendant Galliher answered, Dkt. No. 38, defendants Coppola and Shaw moved for pre-answer summary judgment, Dkt. No. 34, and defendants Gentile and Kieffer have

not appeared to defend themselves yet, *see* Dkt. No. 28. Plaintiff opposed the motion for pre-answer summary judgment, Dkt. No. 49, which has been fully briefed, Dkt. No. 52.

On May 5, 2026, Judge Lovric advised by Report & Recommendation ("R&R") that Coppola and Shaw's motion for summary judgment be granted and that plaintiff's complaint be *sua sponte* dismissed with prejudice as to the remaining defendants. Dkt. No. 53. As Judge Lovric explained, plaintiff had failed to exhaust his available administrative remedies (and in fact, conceded as much in his paperwork). *Id*. at 15 (quoting Dkt. No. 49 at 7). Further, Judge Lovric determined that plaintiff's filings and other submissions had failed to meaningfully suggest that the grievance procedure was "unavailable" under the governing precedent. *See* Dkt. No. 53.

Neither plaintiff nor defendants have lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 53. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 53) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 34) is GRANTED; and

3. Plaintiff's complaint (Dkt. No. 2) is *sua sponte* DISMISSED with prejudice for failure to exhaust available administrative remedies.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  May 27, 2026
    Utica, New York.

David N. Hurd
U.S. District Judge

- 2 -